IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

IN RE: )
)
VANOY ANDRE CANNON, AND ) CASE NO. 306-02615
ANDREA C. CANNON, )
) CHAPTER 13
Debtors. )
) JUDGE GEORGE C. PAINE, II
)
_____

**MEMORANDUM OPINION**
_____

This matter is before the Court upon the Chapter 13 Trustee's motion to dismiss the debtors' case due to the debtors' failure to obtain credit counseling of the kind described in 11 U.S.C. § 109(h) on a date prior to the date on which the debtors filed their bankruptcy petition. The facts are undisputed. The debtors filed their bankruptcy petition on May 29, 2006, and did not receive credit counseling until sometime afterwards. Accordingly, the narrow issue before this Court is whether the case should be dismissed or the petition should be stricken.

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (hereinafter "BAPCPA") added an additional eligibility requirement. Specifically, 11 U.S.C. § 109(h)(1) provides in pertinent part that:

> [A]n individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency . . . an individual or group briefing . . . that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

Several courts have specifically addressed the issue of whether 11 U.S.C. § 109(h)(1) requires that the petition be stricken or the case dismissed. In the earliest days of BAPCPA, some courts accepted the theory of striking the petition where a debtor was ineligible. ***See In re Hubbard***, 333 B.R. 377 (Bankr. S.D. Tex. 2005) (petition should be stricken for ineligibility because dismissal under BAPCPA may have substantially different implications); ***In re Rios***, 336 B.R. 177 (Bankr. S.D.N.Y. 2005) (striking petition rather than dismissing case gives effect to Congress' intent to enlarge debtors' options when facing financial difficulty). ***But cf. In re Valdez***, 335 B.R. 801 (Bankr. S.D. Fla. 2005) (case dismissed, however, court would not consider it a dismissal for purposes of denying imposition of automatic stay in subsequently filed case).

However, the majority of courts have concluded that dismissal is the appropriate outcome, and this Court is persuaded by the reasoning set forth in those opinions. ***See, e.g., In re Seaman***, 340 B.R. 698 (Bankr. E.D.N.Y. 2006) (dismissal not striking petition appropriate outcome where debtor ineligible under § 109(h)); ***In re Ross***, 338 B.R. 134 (Bankr. N.D. Ga. 2006) (same); ***In re Tomco***, 339 B.R. 145 (Bankr. W.D. Pa. 2006) (same);

*In re Hawkins*, 340 B.R. 642 (Bankr. D.D.C. 2006) (same); *In re Mills*, 341 B.R. 106 (Bankr. D.D.C. 2006) (same); *In re Taylor*, No. 05-35381DM, Slip. Op. (Bankr. N.D. Cal. Mar. 9, 2006) (same); *In re Racette*, 343 B.R. 200 (Bankr. E.D. Wis. 2006) (same).

The court in *In re Seaman* articulated the reasons why dismissal of a case rather than the striking of a petition is the appropriate outcome:

> Dismissal of a case filed by an ineligible petitioner comports with the due process rights given to all parties in a bankruptcy proceeding and avoids uncertainty with respect to the petitioner's status and the existence of the automatic stay. *In re Flores*, 291 B.R. at 54-55. And dismissal avoids several procedural and substantive pitfalls. These include questions as to the existence and willfulness of an automatic stay violation, and the validity of an action against property taken by a creditor of a petitioner who appears ineligible to be a debtor but later is determined to be eligible. These also include the prospect of unnecessary inaction by a cautious creditor where a petitioner proves to be ineligible to be a debtor. Finally, striking petitions would create new burdens and uncertainties for case administration. New questions would arise, including whether filing fees should be returned to ineligible petitioners and whether Chapter 7 trustees may be compensated for work on cases that prove to be a nullity or void ab initio.

340 B.R. 698, 707.

The court in *In re Seaman* went on to note that striking a petition for ineligibility would make at least one other section of the Bankruptcy Code, 11 U.S.C. § 362(b)(21)(A), superfluous. *Id.* at 707-08 (citations omitted).[1] Moreover, ineligibility to be a debtor is

---

[1] 11 U.S.C. § 362(b)(21)(A) provides that the filing of a petition by a debtor who is ineligible under 11 U.S.C. § 109(g) to be a debtor does not invoke the stay as to the enforcement of any lien against or security interest in real property.

cause to dismiss a bankruptcy case under all three Chapters. *See* 11 U.S.C. §§ 707(a), 1307(c), and 1112(b). Without a direct mandate under BAPCPA, there is no basis for finding that striking rather than dismissing is the manner in which cases of ineligible debtors should be terminated.

This Court finds that dismissal rather than the striking of a petition for ineligibility best protects the interests of all parties to a bankruptcy proceeding and bests reflects Congress' intent in passing BAPCPA. Accordingly, the Court finds that the debtors' case should be dismissed pursuant to 11 U.S.C. § 109(h)(1).

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**